UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL P. ANDREWCHUK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALAN L. LEBOVIDGE, Commissioner ) <br> of Department of Revenue (DOR), ) <br> MARILYN RAY SMITH, Deputy Comm., DOR,) <br> of the Child Support Enforcement Division, ) <br> MARGARET ID# 5004, Agent for Child ) <br> Support Enforcement Division, ) <br> RODNEY G. LISEE, Agent for Child Support ) <br> Enforcement Division, ) <br> PAULA D. ANDREWCHUK, ) <br> ATTORNEY DANIEL MCCARTHY, ) <br> EDWARD J. ROCKETT, Probate and Family ) <br> Court Justice for Massachusetts, ) <br> JOHN W. SNOW, Secretary of U.S. Treasury, ) <br> RICHARD L. GREGG, Commissioner ) <br> Financial Mgt. Service, ) <br> J. MARTIN MILLS, ) <br> Asst. Commissioner, Dept. of Treasury, ) <br> Financial Management Service, ) <br> DR. SHERRI Z. HELLER, Federal ) <br> Commissioner of Child Support Enforcement ) <br> (OCSE) ) <br> ) <br> Defendants. ) | C. A. No. 04 CV 10263 WGY |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS ROCKETT, LEBOVIDGE, SMITH, MARGARET ID#5004 AND LISEE TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R.CIV.P. 12(b)(1) and (6)**

Defendants Rockett, Lebovidge, Smith, Margaret ID# 5004 and Lisee (collectively, the

"Commonwealth Defendants") submit this memorandum of law in support of their motion to

dismiss Plaintiff's complaint.  As grounds for their motion the Commonwealth Defendants state that Plaintiff's claims against Defendant Rockett ("Judge Rockett") are barred (1) on grounds of judicial immunity; and (2) because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine as Plaintiff is essentially seeking review in federal court of a prior judgement in state court proceedings.  Plaintiff's claims under 42 U.S.C. § 1983 ("Section 1983") against Defendants Lebovidge, Smith, Margaret ID# 5004 ("Cravotta") and Lisee based on alleged deprivation of property without procedural due process are also barred because (1) to the extent they are being sued in their official capacity, they are not "persons" liable to suit under Section 1983; (2) state law provides Plaintiff with constitutionally sufficient postdeprivation remedies; and (3) to the extent they are being sued in their individual capacities, they are entitled to qualified immunity.[1]  Additionally, Plaintiff fails to state an equal protection claim upon which relief can be granted.  Finally, all state law claims asserted against the Commonwealth Defendants in their official capacities are barred by the Eleventh Amendment to the U.S. Constitution, and Plaintiff's state law claims against these defendants in their individual capacity are subject to dismissal because this Court lacks subject matter jurisdiction over such claims and for failure to state claims upon which relief can be granted.

## BACKGROUND

Plaintiff brings a suit for damages under the umbrella of Section 1983 alleging (1) violation of his procedural due process rights; and (2) violation of his right to equal protection of

---

[1] The Complaint fails to specify whether Plaintiff has brought individual or official capacity claims against the individual defendants.

the laws. Complaint at ¶¶ 12, 13. Plaintiff also brings various state law claims against the Commonwealth Defendants. Complaint at ¶¶ 4, 5, 10.

In an amorphous complaint, Plaintiff appears to allege that Judge Rockett, a Massachusetts Probate and Family Court judge, in conspiracy with Plaintiff's wife, Defendant Paula D. Andrewchuk, and Defendant McCarthy, created a separation agreement with language that Plaintiff owed child support arrears, even though that issue was still under review by the Department of Revenue ("DOR"), and that Judge Rockett issued a divorce decree, accepting and incorporating the separation agreement. Complaint at ¶ 7. Plaintiff alleges that Judge Rockett lacked complete jurisdiction to issue the divorce decree. Id.

Plaintiff also alleges that Defendants Lebovidge, Commissioner of the DOR; Smith, Deputy Commissioner of the DOR, Child Support Division; and Cravotta, an employee of the DOR, falsified documents to execute federal and state tax intercepts for his child support arrears. Id. at ¶¶ 1, 3. He alleges that Defendants Lebovidge, Smith and Cravotta violated federal and state law by not providing him notice of the tax intercept and not holding a hearing on the matter. Id. at ¶¶ 2, 4, 5.

Plaintiff further alleges that Defendant Lisee, an employee of the DOR, issued a "final determination letter," stating that plaintiff owed $392.00 in child support arrears, that comprised false statements, and was untimely and unlawful. Id. at ¶ 10.

**ARGUMENT**

I. **Standard of review**

In assessing a plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6),

the Court must accept the plaintiff's allegations as true and view the evidence in the light most favorable to the plaintiff. See Kiely v. Raytheon Co., 105 F.3d 734, 735 (1st Cir. 1997). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 335 U.S. 41, 45-46 (1957).

**II.     Plaintiff's claims against Judge Rockett are barred by judicial immunity.**

"Except where judges act completely without jurisdiction, they are protected from liability under section 1983 by the well-established doctrine of judicial immunity." Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980). It is well settled law in Massachusetts that "every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law." Commonwealth v. O'Neil, 418 Mass. 760, 766-767, 641 N.E.2d 702, 706 (1994), quoting Allard v. Estes, 292 Mass. 187, 189-190, 197 N.E.2d 884, 886 (1935). Judicial immunity provides an immunity from suit, not merely from ultimate assessment of damages. See Mireles v. Waco, 502 U.S. 9 (1991). The scope of a judge's jurisdiction is to be construed broadly where judicial immunity is at issue, and a judge may not be deprived of immunity simply because his actions were in error, were done maliciously, or were in excess of his authority. See Stump v. Sparkman, 435 U.S. 349, 356-357 (1978). Certainly, without judicial immunity, a "resulting avalanche of suits, most of them frivolous but vexatious" would occur. See Forrester v. White, 484 U.S. 219, 226-227 (1988).

Here, as in Slotnick, Plaintiff's complaint at most alleges conduct by Judge Rockett in

excess of his jurisdiction, "which is not enough to lift the cloak of absolute judicial immunity." See Slotnick v. Garfinkle, *supra* at 166. Plaintiff's conclusory allegation that Judge Rockett "lacked complete jurisdiction," Complaint at ¶ 7, must be read "in the context of the complaint as a whole, which does not seriously question the jurisdiction of [Defendant Rockett]." Id. at 166 n.1. Judge Rockett's action in issuing a decree nisi implementing a separation agreement between Plaintiff and his wife was clearly within his jurisdiction as a judge in the Probate and Family Court. Consequently, Plaintiff's claims against Defendant Rockett are barred under the doctrine of judicial immunity.

### III. This Court lacks subject matter jurisdiction to hear Plaintiff's claims against Judge Rockett because they are barred by the application of the *Rooker-Feldman* doctrine.

"'Lower federal courts have no jurisdiction to hear appeals from state court decisions, even if the state judgment is challenged as unconstitutional.'" Wang v. New Hampshire Bd. of Registration in Medecine, 55 F.3d 698, 703 (1st Cir. 1995) quoting Schneider v. Colegio de Abogados de P.R., 917 F.2d 620, 628 (1st Cir. 1990); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings"). "Constitutional claims presented in a United States district court, and found to be 'inextricably intertwined' with state court proceedings, impermissibly invite the federal district court, 'in essence,' to review a final state court decision." Wang v. New Hampshire Bd. of Registration in Medecine, 55 F.3d at 703 quoting Feldman, *supra* at 482 n.16. See also Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003)("*Rooker-Feldman* is widely used by the federal court to prevent end-runs around state judgments"); Wilson v. Shumway, 264 F.3d 120,

126 (1st Cir. 2001)(observing that Section 1983 is not to be used as a vehicle for avoiding the application of the *Rooker-Feldman* doctrine).

Plaintiff's claims against Judge Rockett under Section 1983 are "inextricably intertwined" with prior state court proceedings and, in essence, seek review in federal district court of a final state court decision. Consequently, this Court lacks subject matter jurisdiction over these claims and they are barred by the *Rooker-Feldman* doctrine.

### IV.   Plaintiff's claims under Section 1983 against Defendants Lebovidge, Smith, Cravotta and Lisee in their official capacity must be dismissed because they are not "persons" under § 1983.

An official capacity suit for damages seeks "to impose a liability which must be paid from public funds in the state treasury" and is barred by the Eleventh Amendment. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). A suit for damages against a state official in his official capacity is not a suit against the official but rather against the official's office and, "[a]s such, it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). In Will, the Supreme Court held that neither a State nor its officials sued in their official capacities for damages are "persons" under Section 1983. See id. See also Laubinger v. Dep't of Revenue, 41 Mass. App. Ct. 598, 602, 672 N.E.2d 554, 557 (1996) (Section 1983 claim for damages against Deputy Commissioner of the DOR in his official capacity must be dismissed because he was not a "person" under Section 1983).[2]

---

[2] Laubinger concerned *inter alia* issues whether an obligor and nonobligor spouse could bring claims for damages under Section 1983 against the DOR and the DOR Commissioner regarding monies seized from their joint bank and credit union accounts toward arrears of child support. See Laubinger v. Dep't of Revenue, 41 Mass. App. Ct. at 599, 672 N.E.2d at 555.

Accordingly, any official capacity claims for damages under Section 1983 against Defendants Lebovidge, Smith, Cravotta and Lisee are barred.

**V.     Plaintiff's claims under Section 1983 against Defendants Lebovidge, Smith, Cravotta and Lisee in their individual capacities based on alleged deprivation of property without due process must be dismissed because even assuming Plaintiff had an identifiable property interest, state law provides Plaintiff with constitutionally sufficient postdeprivation remedies.**

Even assuming Plaintiff had an identifiable property interest, "[the] unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural due process requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). See also Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 102 (1st Cir. 2002)(procedural due process claim failed where plaintiff had a constitutionally protected property interest but was provided with constitutionally adequate procedural safeguards); Cronin v. Town of Amesbury, 81 F.3d 257, 260 (1st Cir. 1996)(plaintiff could not succeed on his procedural due process claim unless he could show that the state failed to provide him with an adequate post-deprivation remedy); Laubinger v. Dep't of Revenue, 41 Mass. App. Ct. at 609, 672 N.E.2d at 561 (emphasizing that obligor spouse's due process rights were not violated by DOR's seizure of monies from joint bank and credit union accounts toward arrears of child support because he had a postdeprivation right of review).

"'In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law.'" Brown v.

7

Hot, Sexy and Safer Productions, Inc., 68 F.3d 525, 534 (1st Cir. 1995) quoting Zinermon v. Burch, 494 U.S. 113, 125 (1990).

Here, Plaintiff had more than adequate post-deprivation remedies. Specifically, Mass. Gen. Laws ch. 119A, 6 authorizes the DOR to

> institute collection procedures for all arrearages which have accrued against child support payments owed pursuant to a court judgment . . . . These collection procedures shall include . . . use of state and federal tax refund intercept programs . . . . Such procedures shall be subject to due process as provided in this chapter, including an opportunity for administrative and judicial review as provided in section 17.  (Emphasis added).

Section 17 of Mass. Gen. Laws ch. 119A sets forth the exclusive procedural scheme for challenging the DOR's actions in connection with its collection of child support. The statute states in part:

> The department shall establish procedures for the prompt resolution of disputes concerning the collection and disbursement of child support and shall prepare informational materials for distribution to obligors and obligees describing such procedures . . . . Such procedures shall include maintenance of an adequately staffed unit the principal duties of which shall be to respond to inquiries, with a widely publicized telephone line, to receive written requests form obligors and obligees for administrative review of the IV-D agency's actions in collecting and disbursing child support and to refer such requests to the appropriate unit with the department for resolution.  Upon receipt of the necessary information and documentation from the obligor and obligee requesting administrative review, the department shall conduct the review and render a written decision of its determination to the person requesting the review.  Such determination shall also notify such person that he may, upon exhaustion of the procedures for administrative review provided herein and within 45 days of such determination, seek judicial review in the court where the order or judgment was issued or registered or, if there is no such order or judgment, by filing a request for judicial review in the probate court in the county wherein the appellant resides . . . . Appeals from a decision of a court pursuant to this section may be made in the same manner as other judicial appeals.  (Emphasis added).

Consequently, because Mass. Gen. Laws ch. 119A, § 17 provides adequate postdeprivation remedies, Plaintiff's procedural due process claims against Defendants Lebovidge, Smith, Cravotta and Lisee under Section 1983 are precluded under Hudson.

### VI.   Plaintiff fails to allege the elements of a viable equal protection claim

The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where [a] plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and . . . there is no rational basis for the difference in treatment." Village of Willowbrook v. Oltech, 528 U.S. 562, 564 (2000).

To pursue a "class of one" equal protection discrimination claim, however, Plaintiff's complaint must "allege particulars sufficient to [enable] a fact finder [to] draw[] a reasonable inference," Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998), that the officials "intentionally treated [the plaintiff] differently from others similarly situated and that there [was] no rational basis for the difference in treatment." Village of Willowbrook v. Oltech, 528 U.S. at 564. "[B]are conclusory allegation[s] of the critical element of illegal intent . . . including an intent to discriminate, [are] insufficient." Judge v. City of Lowell, 160 F.3d at 72 (affirming District Court's dismissal of conclusory racial discrimination claims). See also Wojcik v. Mass. State Lottery Comm'n, 300 F.3d at 104 (rejecting an equal protection claim where appellant "failed to identify specific evidence concerning similarly situated individuals who received more lenient treatment . . . or to adduce evidence of an arbitrary or irrational motive" for the adverse action); Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990)(alleged facts in

9

complaint must "specifically identify the particular instance(s) of discriminatory treatment and, as a logical exercise, adequately support the thesis that the discrimination was unlawful").

Plaintiff's complaint entirely fails to allege particulars sufficient to enable a fact finder to draw a reasonable inference that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." Village of Willowbrook v. Oltech, 528 U.S. at 564. Consequently, his equal protection claims are subject to dismissal.

### VII. Plaintiff's claims against Defendants Lebovidge, Smith, Cravotta and Lisee in their individual capacities under Section 1983 are barred under the doctrine of qualified immunity.

The doctrine of qualified immunity provides a defense from a claim under Section 1983 for "state actors whose behavior has violated plaintiffs' rights as long as those rights were not at the time clearly established under the Constitution or laws of the United States." Camilo-Robles v. Zapata, 175 F.3d 41, 43 (1st Cir. 1999) citing Harlow v. Fitzgerald, 457 U.S. 800, 818-819 (1982). Such a right is "clearly established" if, at the time of the alleged violation, "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Hegarty v. Somerset County, 53 F.3d 1367, 1373 (1st Cir. 1995).

Here, Mass. Gen. Laws ch. 119A, § 17 provides constitutionally sufficient postdeprivation remedies. Thus, Defendants Lebovidge, Smith, Cravotta and Lisee did not violate plaintiff's clearly established constitutional right to procedural due process. Further, as

discussed *supra*, Plaintiff fails to allege facts sufficient to support a claim that Defendants Lebovidge, Smith, Cravotta and Lisee violated his clearly established constitutional right to equal protection of the laws.  Consequently, these individual capacity claims are barred under the doctrine of qualified immunity.

**VIII.     This Court lacks subject matter jurisdiction over Plaintiff's state law claims against the Commonwealth Defendants in their official capacities because these claims are barred by the Eleventh Amendment.**

This Court lacks subject matter jurisdiction over Plaintiff's state law claims for damages against the Commonwealth Defendants in their official capacity because any such claims are barred by the Eleventh Amendment.  See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984); Edelman v. Jordan, 415 U.S. at 663.  Consequently, these claims are subject to dismissal.

**IX.     Plaintiff's state law claims against the Commonwealth Defendants in their individual capacities are subject to dismissal because this Court lacks subject matter     jurisdiction over such claims and for failure to state claims upon which relief can be     granted.**

Mass. Gen. Laws ch. 119A, § 17 provides the exclusive procedures for reviewing disputes concerning DOR's collection of child support.  See Mass. Gen. Laws ch. 119A, § 17. Here, Plaintiff failed to exhaust his remedies by not seeking judicial review in state court as required by Mass. Gen. Laws ch. 119A, § 17, and the Complaint fails to so allege. Consequently, this Court lacks subject matter jurisdiction over Plaintiff's state law claims against the Commonwealth Defendants in their individual capacity.  See Puorro v. Commonwealth, 59 Mass. App. Ct. 61, 64-66, 794 N.E.2d 624, 626-627, fur. app. rev. den., 440

Mass. 1110, 801 N.E.2d 803 (2003)(court lacked jurisdiction because terminated public employee failed to exhaust his administrative remedies); Balcam v. Town of Hingham, 41 Mass. App. Ct. 260, 265-267, 669 N.E.2d 461, 465-466 (1996)(failure to exhaust administrative remedies is a "jurisdictional hurdle[]").

In addition, Fed. R. Civ. P. 9(b) states that for "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff's claims alleging fraud and deceit entirely fail to provide such particularity and any such claims against the Commonwealth Defendants are subject to dismissal.

Finally, as Defendants Lebovidge, Smith, Cravotta and Lisee are "public employees," to the extent that Plaintiff asserts claims of tortious conduct or wrongdoing, any such claims are subject to dismissal because these defendants were acting within the scope of their employment at all relevant times. See Mass. Gen. Laws ch. 258, § 2. They are also personally immune from any negligence claims arising out of the performance of their work duties to the extent Plaintiff's complaint asserts negligence claims against them. See id.

## CONCLUSION

For the foregoing reasons, Plaintiff's action against the Commonwealth Defendants should be dismissed in its entirety.

>Respectfully Submitted,
>
>Commonwealth Defendants,
>
>By Their Attorney

        Thomas F. Reilly
        ATTORNEY GENERAL

        <u>s/David B. Stanhill</u>

        BBO#645187
        Assistant Attorney General
        Government Bureau/Trial Division
        200 Portland Street
        Boston, MA 02114
        (617) 727-2200, ext. 3319

Dated: May 7, 2004

## CERTIFICATE OF SERVICE

    I, David B. Stanhill, Assistant Attorney General, hereby certify that I have this day, May 7, 2004, served the foregoing **document**, upon the Plaintiff, by mailing a true copy via Certified Mail to:

        Michael P. Andrewchuk
        10 Kendall Street
        Lawrence, MA 01841

and by First Class Mail to:

        Alan L. LeBovidge
        51 Sleeper St.
        P.O. Box 9494
        Boston, MA 02205
        (617) 887-6367

        Marilyn Ray Smith
        51 Sleeper St.
        P.O. Box 9494
        Boston, MA 02205

(617) 332-2733

Margaret Cravotta
Child Support Enforcement Division
P.O. Box 4068
Boston, MA 02205
(800) 332-2733

Rodney G. Lisee
Child Support Enforcement Division
115 State Street
Springfield, MA 01103
(413) 452-1040

Paula D. Andrewchuk
469 Waverly Road
North Andover, MA 01845
(978) 685-3594

Attorney Daniel McCarthy
Attorney At Law
261 Common Street
Lawrence, MA 01840
(978) 681-0302

John W. Snow
Secretary of U.S. Department
of Treasury
1500 Pennsylvania Ave., NW
Washington, D.C. 20220
(202) 622-2000

Richard L. Gregg
Commissioner of Financial
Management Service
401 14th Street, S.W.
Washington, D.C. 20227

J. Martin Mills
Assistant Commissioner of Financial
 Management Service
401 14th St., S.W., Room 556C
Washington, D.C. 20227
(202) 874-7000

        Doctor Sherri Z. Heller
        Comm. of the Federal Office
        Child Support Enforcement
        370 L'Enfant Promenade, S.W.
        Washington, D.C. 20201


        _____
        David B. Stanhill
        Assistant Attorney General
        Trial Division