UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL P. ANDREWCHUK,
    Plaintiff

V.

CIVIL ACTION NO.
**04-CV-10263-WGY**

ALAN L. LEBOVIDGE, Commissioner of
    DEPARTMENT of REVENUE (DOR),
MARILYN RAY SMITH, Deputy COMM.,DOR, OF
    The Child Support Enforcement Division,
MARGARET ID# 5004,Agent for Child Support Enforcement
    Division,
RODNEY G. LISEE, Agent for Child Support Enforcement
    Division,
PAULA D. ANDREWCHUK,
ATTORNEY DANIEL McCARTHY,
EDWARD J. ROCKETT, PROBATE and FAMILY COURT
    JUSTICE for MASSACHUSETTS,
JOHN W. SNOW, SECRETARY OF U.S. TREASURY,
RICHARD L. GREGG, COMMISSIONER FINANCIAL MGT. SERVICE,
J. MARTIN MILLS, ASST. COMMISSIONER, DEPT. of
    TREASURY, FINANCIAL MANAGEMENT
    Service,
DR. SHERRI Z. HELLER, FEDERAL COMMISSIONER OF
    CHILD SUPPORT ENFORCEMENT (OCSE),
                          Defendants

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S ROCKETT, LeBOVIDGE, SMITH, MARGARET ID#5004 AND LISEE MOTION TO DISMISS.**

Now comes the PLAINTIFF and moves this honorable Court to DENY the above Defendants Motion to Dismiss. As reasons for the PLAINTIFF states the following FACTS:

    1. This is a "landmark" suit, no where with the assistance of the clerk at

        The Law Library could we find where government officials (state) knowingly

        Violated federal and state laws prior to their unlawful and unconstitutional

Deprivations of the Plaintiff's property, then knowingly violated federal and State laws to the Plaintiff's due process rights post deprivation of the tax intercepts.

2. All state officials are being sued in their "official" and "individual" Capacities, see amended complaint dated May 15,2004, and for the Court The PLAINTIFF incurred the added expense of having each state official Served in both capacities.

3. Defendants submit on page 3, " standard of review," should not be dismissed, For failure to state claim unless it appears beyond doubt that the plaintiff can Prove no set of facts, "etc, reviewing the Plaintiff's original complaint And his amended complaint, the PLAINTIFF cites exact acts, laws, documents, and dates where the defendants violated federal and state LAWS, Where they engaged in the most compelling constitutional deprivations that The PLAINTIFF is guaranteed under the U.S. Constitution, this argument Is laughable.

4. Defendant Rockett had complete authority and jurisdiction to issue said Divorce Decree, part of his order he knew he lacked jurisdiction to discuss, If the Court grants him judicial immunity, that is fine, but under "Dennis v. Sparks," 101, S. Ct. 183, (1980), he will be a witness testifying to his intenTional act conspiring with other defendants, and said immunity "only" Makes him not liable for money damages.

5. Regarding Defendant Rockett, there is nothing to appeal, the parties Plaintiff Andrewchuk and Defendant Andrewchuk agreed and signed

A separation agreement under state law, Judge Rockett referring to page 5 Of defendants pleading, his act was where Defendants Andrewchuk, McCarthy And Rockett were trying to protect Defendants, LeBovidge, Smith, Margaret ID#5004 and Lisee.

6. Defendants argument that Defendants LeBovidge, Smith, Cravotta (ID#5004), Lisee are not "persons" under $ 1983, see page 6 of their pleading, this is Why said defendants are being SUED in their "individual" capacities, under $ 1983, state officials sued in their official capacity are not "person" under 42 USCS $ 1983, but suits against state officials in their individual capacities Are not BARRED by eleventh amendment, see Civil Rights, page 219, and Medcalf v. Kansas, (1986, DC Kan) 626 F. Supp 1179, the Plaintiff can cite Many more cases, as the Plaintiff stated earlier, this is why all state officials As named defendants in this action were served by the US Marshals in their Individual and official capacities, State Officials may be held personally Liable for damages under 42 USCS $ 1983 based upon actions taken in their official capacities, because state officials sued in their individual capacities are "Persons" within meaning of $ 1983, Eleventh Amendment does not erect Barrier against suits to impose individual and personal liability on state officials under $ 1983, "Hafer v. Melo," (1991) 502 US, 21.

7. Regarding Defendants argument on page 7 of their pleading, State Law Provides Plaintiff with constitutionally sufficient postdeprivation remedies, The Plaintiff is "only" going to say, directing the Court to the Plaintiff's Original complaint and amended complaint, Defendants did not, repeat,

Did not as guaranteed under federal and state law schedule a hearing as Required under both federal and state law, (21 days) after receiving the Plaintiff's Request for Review for both federal and state intercepts, PLUS The PLAINTIFF never received, repeat, never received a decision regarding The Plaintiff's timely request for review, all this argument by Defendants Is laughable. The Plaintiff is very familiar with the Laws, and not to be Repetitive, this is a landmark suit, never, repeat, never has a state through Their officials intercepted a person's tax refunds illegally where they knowingly violated federal and state law prior to the intercept, and then With the highest degree of malice, violated federal and state laws postdepri-Vation.

8. Defendants argument to equal protection claim, see page 9 of their Pleading, 14th amendment guarantees equal protection of all state and Federal laws and DUE PROCESS, as stated earlier, landmark case, this Argument is laughable, and the plaintiff's claims could not be more defined, Exact in defendants intentions and known violations of both federal and state Laws, these are not laws that just got on the books yesterday.

9. Defendants arguments regarding qualified immunity, Plaintiff again will Direct the Court to "Dennis v. Sparks," The Burden is on the state official Claiming immunity in a civil rights action to determine his entitlement, and That can only be determined after "factual inquiry" has been completed, then Defendants are cordially invited to file a 56 motion.

10. Defendants argument re: eleventh amendment, page 11 of their pleading,

Plaintiff has already discussed this frivolous argument within the aforementioned paragraph, see paragraph 6.

11. Defendants argument, see page 11, is now repetitive, constitutional Deprivations, 5 and 14th, this is WHY we have 1983 suits, unlawful And unconstitutional deprivation of one's property.

## CONCLUSION

For the foregoing reasons, Defendants Motion to Dismiss must be DENIED and lets get to DISCOVERY.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY
This 15th day of May, 2004.

*Michael p andrewch*
Michael P. Andrewchuk

Respectfully submitted,
*Michael p andrewchuk*
Michael P. Andrewchuk,
Plaintiff, pro-se
10 Kendall Street
Lawrence, Mass. 01841
Tel(978)682-5988

## CERTIFICATE OF SERVICE

I, Michael P. Andrewchuk, plaintiff, do hereby certify that true copies of the foregoing documents were mailed by first class mail, postage prepaid to Asst' Attorney General David B. Stanhill, at his uaual place of business this 17th day of May, 2004.

Michael P. Andrewchuk