UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. ANDREWCHUK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALAN LEBOVIDGE, Commissioner, )<br>Department of Revenue, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 04CV10263WGY |

## MEMORANDUM OF LAW IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)

### Introduction

Plaintiff Michael Andrewchuk commenced the instant action on or about February 9, 2004, by filing a complaint against defendants John Snow, Secretary of the United States Department of the Treasury ("Treasury"), Richard Gregg, Commissioner of Treasury's Financial Management Service("FMS"), J. Martin Mills, Assistant Commissioner of FMS, Dr. Sherri Heller, Commissioner of the Office of Child Support Enforcement ("OCSE") for the United States Department of Health and Human Services (collectively, the "Federal Defendants"), and others, with the United States District Court for the District of Massachusetts. While the complaint sets forth six counts, only three of those counts in any way reference the Federal Defendants: Count IV, alleging {sic} "DECEIPT/FRAUD"; Count V, alleging "CONSTITUTIONAL DEPRIVATION"; and Count VI, alleging {sic} "PAIN AND SUFFERING, AND EMOTIONAL DISTRESS." Further, Plaintiff makes only cursory reference to a violation of federal statute 29 U.S.C. § 7422 by the Federal Defendants. (See Complaint, p. 5, stating "Defendants Snow, Mills, Heller and Gregg then violated Fed. Law 26

U.S.C.S. 7422, upon receipt of the Plaintiff's claim for refund dated October 15, 2003 . . . .") Plaintiff fails to either expand upon, or provide a specific evidentiary basis for this allegation.

As a result of Plaintiff's failure to exhaust administrative remedies, failure to adequately allege justiciable claims, and lack of subject matter jurisdiction, the Federal Defendants move this Court to dismiss Plaintiff's complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## Facts

On May 2, 2003, as required by Section 6402(c) of the Internal Revenue Code (26 U.S.C. § 6402(c)), FMS[1] intercepted Plaintiff's federal income tax overpayment and remitted the amounts intercepted to the Commonwealth of Massachusetts to pay a delinquent child support obligation submitted to FMS for collection by offset. (Complaint, p. 4.) In sum and substance, Plaintiff's self-titled "civil rights complaint" (see p. 5) alleges that the Federal Defendants violated federal law and deprived him of his constitutional rights to property, due process, and equal protection under the laws by offsetting his federal income tax refund, for an unspecified tax period, in the amount of $685.00. Plaintiff further alleges that the Federal Defendants and others have, through means of conspiracy and false statements, unlawfully intercepted his income tax refund. (Complaint, p. 5; p. 9, ¶ 9.)

In all instances, Plaintiff appears to be asserting his claims against the Federal Defendants in their official capacities, and not individually. By way of relief, Plaintiff seeks a refund of monies collected through the offset of his federal income tax refund, compensatory

---

[1] Prior to 1999, the tax refund offset program was administered by the Internal Revenue Service. Since 1999, the tax refund offset program has been administered by FMS as part of the Treasury Offset Program.

damages, and punitive damages in specified amounts as to each of the defendants. (See Complaint, pp. 11-12.)

A thorough Internal Revenue Service ("IRS") review of Plaintiff's account transcript for his 2002[2] income tax liability reveals that Plaintiff filed his tax return for 2002 on or about April 8, 2003, seeking a refund of $2,314.00. (See Declaration of Anna Bazaco, ¶ 3, attached hereto as **Exhibit A**.)[3] In May 2003, $685.00 of Plaintiff's refund was used to offset his debt to another government agency. (Id.) The $1,629.00 balance was refunded to Plaintiff. (Id.) Plaintiff alleges that he filed a "claim for refund [of his intercepted monies] dated October 15, 2003," and that his refund claim was denied by "notice dated December 16, 2003." (See Complaint, p. 5.) However, there is no indication in Plaintiff's IRS account transcript that he ever filed a refund claim concerning the $685.00 offset. (Bazaco Decl., ¶ 3.) Nor is there any indication that a notice of denial of refund claim was ever issued. (Id.)

---

[2]    As Plaintiff failed to specify in his complaint either the tax year for the refund at issue, or whether the tax return referenced in the complaint was even timely filed, the Federal Defendants are forced to hazard a guess as to the tax year at issue. Assuming for the purposes of this motion only that the tax return referenced in Plaintiff's complaint was timely filed, the most logical assumption would be that the complaint concerns his return for tax year 2002.

[3]    This declaration is attached in support of the Federal Defendants' arguments in favor of dismissing Plaintiff's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(h)(3). The attachment of this additional material does not transform this motion from a Rule 12 motion to dismiss to a Rule 56 motion for summary judgment. See Gonzalez v. United States, et al., 284 F. 3d 281, 287 (1st Cir. 2002). "[I]t is clear that the facts relevant to the determination of subject matter jurisdiction do not go directly to the merits of the plaintiffs' claim." Id.; see also Heinrich, 44 F.Supp.2d 408, 412 (D. Mass. 1999), citing Jones-Booker v. United States, 16 F.Supp.2d 52, 58 (D. Mass. 1998) ("[A] court ordinarily may not consider materials outside the pleadings on a Rule 12(b)(6) motion . . . but may consider such evidence on a Rule 12(b)(1) motion . . . ."); White v. Comm'r of Internal Revenue, 899 F.Supp. 767, 771 (D. Mass. 1995) ("A court is not bound by the allegations in the pleadings when considering motions to dismiss for lack of subject matter jurisdiction brought under Rule 12(b)(1)").

**Statutory and Regulatory Framework**

**The Treasury Offset Program and Tax Refund Offset.**

When a state agency notifies Treasury that a named individual owes past-due support,[4] Treasury is required to offset any federal income tax refunds payable to such individual and to pay the offset monies to the state agency for appropriate distribution.  See 26 U.S.C. § 6402(c); 42 U.S.C. § 664(a).  State child support enforcement agencies are required to notify the United States Department of Health and Human Services ("HHS") about past-due support owed by individuals in accordance with HHS regulations, 45 C.F.R. § 303.72, and Treasury regulations, 31 C.F.R. § 285.3.  In accordance with such regulations, state agencies certify that the state has complied with any necessary legal prerequisites to collection by offset, and that the debts are valid and legally enforceable through offset.  See 31 C.F.R.§ 285.3(c)(2).  HHS consolidates and transmits the information to Treasury, and based on information provided to HHS by the state, certifies to Treasury that the past-due support debts transmitted are eligible for collection by offset. Id.

The Treasury Offset Program ("TOP") is a centralized offset program, administered by Treasury through its bureau, FMS, to collect delinquent debts owed to federal agencies and states, including past-due child support, in accordance with 26 U.S.C.§ 6402(c) (offset of past-due support against overpayments), 42 U.S.C.§ 664 (collection of past-due support from

---

[4] Generally, the term "past-due support" means the "amount of a delinquency, determined under a court order, or an order of an administrative process established under State law, for support and maintenance of a child, or of a child and the parent with whom the child is living, which has not been paid."  See 42 U.S.C. § 664(c).

federal tax refunds), and other applicable laws.[5]  Treasury, through FMS, disburses federal payments, such as federal tax refunds, for agencies making federal payments (known as "payment agencies"), such as the IRS.  "Creditor agencies," such as state child support enforcement agencies, submit delinquent debts to Treasury for collection and inclusion in TOP, and certify that such debts qualify for collection by offset.

Before disbursing payments on behalf of a payment agency, Treasury compares the names and taxpayer identification numbers ("TINS") of payees with the names and TINS of debtors in the TOP database.  If there is a match, Treasury offsets all or a portion of the federal payment, disburses any remaining payment to the payee, and pays the offset amount to the creditor agency.

Treasury's actions with respect to the offset of a debtor's tax refund are not subject to court review.  Section 6402(f) of Title 26, United States Code, provides in pertinent part:

> No Court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by [26 U.S.C. § 6402(c)] . . . This subsection does not preclude any legal, equitable, or administrative action against the federal agency or state to which the amount of such reduction was paid . . . .

**The Child Support Enforcement Program.**

The federal Child Support Enforcement ("CSE") program, Title IV-D of the Social Security Act, 42 U.S.C.§§ 651-669b (1994 & Supp. II 1996) (hereinafter, "Title IV-D"), was created "[f]or the purpose of enforcing the support obligations owed by noncustodial parents to their children, locating noncustodial parents, establishing paternity, obtaining child and spousal

---

[5] For example, the collection of non-tax debts owed to the United States through the offset of tax refund payments is governed by 26 U.S.C. § 6402(d) and 31 U.S.C. § 3720A.

support, and assuring that assistance in obtaining support will be available . . . to all children." 42 U.S.C.§ 651 (1994 & Supp. II 1996). Congress instituted the CSE program upon finding that "[t]he problem of welfare in the United States is, to a considerable extent, a problem of non-support of children by their absent parents." (S. Rep. No. 93-1356, reprinted in 1974 U.S.C.C.A.N. 8133, 8145.)

The collection of past-due support from federal tax refunds is carried out in the following manner, according to the statute at 42 U.S.C. § 664(a):

> Procedures applicable; distribution. (1) Upon receiving notice from a state agency administering a plan approved under this part [42 U.S.C. §§ 651, *et seq*.] that a named individual owes past-due support which has been assigned to such state pursuant to Section 408(a)(3) or Section 471(a)(17) [42 U.S.C.S. §§ 608(a)(3), 671(a)(17)], the Secretary of the Treasury shall determine whether any amounts, as refunds of federal taxes paid, are payable to such individual (regardless of whether such individual filed a tax return as a married or unmarried individual). If the Secretary of the Treasury finds that any such amount is payable, he shall withhold from such refunds an amount equal to the past-due support, shall concurrently send notice to such individual that the withholding has been made (including in or with such notice a notification to any other person who may have filed a joint return with such individual of the steps to which such other person may take in order to secure his or her proper share of the refund), and shall pay such amount to the state agency (together with notice of the individual's home address) for distribution in accordance with Section 457 [42 U.S.C. § 657].
>
> (2)(A) Upon receiving notice from a state agency administering a plan approved under this part . . . . If the Secretary of the Treasury finds that any such amount is payable, he shall withhold from such refunds an amount equal to such past-due support . . . shall pay the amount withheld to the state agency. . . .

**Argument**

For the purposes of a motion to dismiss, a court accepts as true the facts alleged in the complaint. Day v. Mass. Air Nat'l Guard, 167 F.3d 678, 680 (1st Cir. 1999). However, when a court is faced with a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), it is the party asserting jurisdiction who has the burden of establishing that jurisdiction

exists.  O'Toole v. Arlington Trust Co., 681 F.2d 94, 98 (1st Cir. 1982).  In the instant case, even accepting as true all of Plaintiff's allegations of fact, this Court must dismiss the complaint in its entirety for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(l), and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

> **I.  DISMISSAL IS PROPER BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION TO GRANT THE RELIEF REQUESTED AGAINST THE FEDERAL DEFENDANTS.**
>
> **A.  This Court Lacks Jurisdiction To Hear Any Action, Whether Administrative, Legal, Or Equitable,  Brought To Restrain Or Review A Tax Refund Offset.**

Plaintiff is not entitled to equitable or legal relief against the Federal Defendants. Plaintiff sued the Federal Defendants because of their actions in connection with the offset of his tax refund payments.  However, pursuant to 26 U.S.C. § 6402(f) (formerly § 6402(e)), this Court lacks jurisdiction over the Federal Defendants to hear any action, whether administrative, legal, or equitable, brought to restrain or review a tax refund offset.  That statute provides, in pertinent part, as follows:

> No Court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by [26 U.S.C. § 6402(c)] . . . This subsection does not preclude any legal, equitable, or administrative action against the federal agency or state *to which the amount of such reduction was paid* . . . .

(Emphasis supplied.)   See also Swartz v. Internal Revenue Service, et al., 1997 WL 834830, *1, *2 (D. Mass. 1997) (dismissing the plaintiff's complaint against the IRS for lack of subject matter jurisdiction pursuant to 26 U.S.C. § 6402(f)), attached hereto as **Exhibit B**.  Thus, as Plaintiff's complaint against the Federal Defendants is in fact a masked attempt to have his tax refund offset restrained and/or reviewed by the Court, and as none of the Federal Defendants were "paid" Plaintiff's tax refund offset (see 26 U.S.C. § 6402(f)), his complaint must be

dismissed in its entirety as against the Federal Defendants.[6]

### 1. The State Child Support Enforcement Agency Is The Proper Party Against Which To Claim A Refund Of Amounts Offset.

Plaintiff seeks, among other things, an order compelling the Federal Defendants to refund his offset monies. Pursuant to 26 U.S.C. § 6402(f), however, the Federal Defendants are not responsible for refunding the amounts offset from Plaintiff's federal payments. None of the Federal Defendants received the funds offset under TOP. The funds were merely disbursed by Treasury to the creditor agency, which, in this case, was the state, and not the federal, child support enforcement agency. Accordingly, such relief, if available, could only be obtained from that state agency, and not from the Federal Defendants.

### B. Any Claim Under 26 U.S.C. § 7422 Must Fail For Plaintiff's Failure To Comply

---

[6] While claims against a state or federal agency to which the amount of any tax refund offset was paid are not precluded, Plaintiff's claims against the Federal Defendants must be dismissed for lack of subject matter jurisdiction. See Williams v. Internal Revenue Service, 85 A.F.T.R.2d 2000-1491 (Bkrtcy. W.D. Pa. 2000); Satorious v. U.S. Dept. of Treasury-Internal Revenue Service, 671 F.Supp. 592, 594 (E.D. Wis. 1987) (section 6402(e) expressly precludes court from having subject matter jurisdiction over case insofar as plaintiffs seek review of the United States' interception and reduction of plaintiffs' tax refunds at the request of the state of Wisconsin to satisfy unmet arrearages in child support obligations); Harrison v. United States, 1990 WL 484363 (D. Idaho 1990); Thomas v. Bennett, 856 F.2d 1165, 1167 (8th Cir. 1988) ("congress determined, reasonably so, that the appropriate place for litigation of these claims is with the agency to whom the obligation is owed.") As the court noted in Richardson v. Baker:

> To function efficiently, the tax intercept program must avoid the administrative burden of subjecting the Secretary of Treasury to challenges concerning refunds . . . . The tax intercept program's limits on jurisdiction to suits against the agency to which the debt is owed is not unconstitutional because the program provides access to a judicial challenge to government interception of overpayments. Restricting judicial review while the debt is processed, so long as it affords to those affected reasonable opportunity to be heard and present evidence, does not offend against due process.

663 F.Supp. 651, 654-655 (S.D.N.Y. 1987).

### With The Jurisdictional Prerequisites To Suit.

Section 7422 allows taxpayers to commence a cause of action against the United States for a refund of taxes paid in federal district court if certain jurisdictional prerequisites are met. See 26 U.S.C. § 7422. Although Plaintiff does not directly assert that jurisdiction against the Federal Defendants is predicated on Section 7422, he does allege the following in his complaint:

> {sic} Defendant SNOW, MILLER, and GREGG then violated FED. LAW 26 U.S.C.S. 7422, upon receipt of the PLAINTIFF'S CLAIM for REFUND dated October 15, 2003, conspiring with DEFENDANTS LeBOVIDGE, and SMITH issued NOTICE of DENIAL by making FALSE STATEMENTS, said NOTICE dated December 16, 2003.

(Complaint, p. 5.) Plaintiff, however, fails to allege facts sufficient to establish jurisdiction under that statute.

### 1. Plaintiff Fails To Name The Proper Party, And As Such His Complaint Should Be Subject To Dismissal.

By its terms, Section 7422(c) permits refund actions to be commenced only against the United States. In this case, Plaintiff sued the Federal Defendants, and not the United States. Accordingly, as Plaintiff has not named the United States as a defendant, the only proper party with respect to any refund action, his complaint is subject to dismissal.

### 2. Notwithstanding Plaintiff's Misnomer Of Party, His Complaint Should Still Be Subject To Dismissal.

Plaintiff's cause of action under Section 7422 would fail regardless of whether he had properly named the United States as the defendant.[7] First, 26 U.S.C. § 6402(f) expressly

---

[7] Section 7422(a) provides, in pertinent part:

(a) No suit prior to filing claim for refund. –No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed

precludes a plaintiff from using its provisions simply to obtain a refund from tax funds a plaintiff alleges were improperly offset.

Second, Plaintiff failed to satisfy two jurisdictional prerequisites to filing suit under Section 7422. Specifically, before a court has jurisdiction to decide a tax refund case, a plaintiff must: (1) pay the income taxes assessed; and, (2) file an administrative claim with the IRS for a refund. United States v. Dalm, 494 U.S. 596, 602 (1990); Vintilla v. United States, 931 F.2d 1444, 1445 (11th Cir. 1991); 26 U.S.C.§ 7422. Compliance with these requirements is jurisdictionally required of the taxpayer before initiating suit. Dalm, 494 U.S. at 602.

In the instant case, Plaintiff merely alleges, without more, that he filed an administrative claim for refund on October 15, 2003. He fails to identify, for example, the specific tax period for which he seeks the refund. Additionally, Plaintiff fails to allege in his complaint that he fully paid the taxes owed. Plaintiff's failure to state facts sufficient to satisfy these jurisdictional prerequisites allows for speculation and conjecture.

Finally, Anna Bazaco, an IRS Senior Program Analyst, reviewed a transcript of Plaintiff's account for his 2002 income tax liability, which appears to be the tax year for which Plaintiff seeks relief in this action. See f.n. 2, supra. The transcript revealed that Plaintiff filed his 2002 tax return on or about April 8, 2003, seeking a refund of $2,314.00. (Bazaco Decl.,¶ 3.) In May 2003, pursuant to Section 6402 of the Internal Revenue Code, $685.00 of Plaintiff's refund was withheld to offset Plaintiff's debt to another government agency. (Id.) The $1,629.00 balance

---

to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

was refunded to Plaintiff.  (Id.)  There is no indication in the Plaintiff's IRS transcript that Plaintiff filed any refund claim on October 15, 2003, as alleged in the complaint, or on any other date, other than the tax return originally filed seeking the total refund.  (Id.)  Nor is there any indication in the transcript that the IRS denied a refund claim on December 16, 2003, or on any other date. (Id.)

Accordingly, as Plaintiff failed to comply with the jurisdictional prerequisites to filing suit under Section 7422, any suit filed under this statute as against the Federal Defendants must be dismissed for lack of subject matter jurisdiction.

## II.   DISMISSAL IS PROPER BECAUSE PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE FEDERAL DEFENDANTS UPON WHICH RELIEF CAN BE GRANTED.

### A.   Plaintiff's Passing References To Participation By The Federal Defendants In A Conspiracy And In The Making Of False Statements Are Insufficient To State A Justiciable Civil Conspiracy Or {sic} "Deceit/Fraud" Claim.

Plaintiff makes vague, cursory, and unsupported allegations against the Federal Defendants concerning their making of alleged false statements and participation in an alleged conspiracy relative to the interception of his tax refund.  Plaintiff fails to expand upon these allegations, or provide specific evidentiary bases for these accusations.  Inasmuch as Plaintiff failed to develop these claims, the Court must deem them waived.  "A fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest."  Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1171 (1st Cir. 1995).  "The bottom line is simply this: while courts should construe pleadings generously, paying more attention to substance than to form, they must always exhibit awareness of the defendant's inalienable right to know in advance the

nature of the cause of action being asserted against him." Id. Plaintiff, by making *passing mention* of this statute in his complaint, failed to provide the Federal Defendants with fair and adequate notice of these claims and the grounds for such. Therefore, the Court must dismiss any and all claims which may have arisen from his conspiracy and false statements allegations.

In analogous situations, the First Circuit has repeatedly found that issues addressed or mentioned in an appellant's brief without in-depth argument or development must be deemed waived. "It is settled in this circuit that issues adverted to on appeal in a perfunctory manner, unaccompanied by some developed argumentation, are deemed to have been abandoned." Ryan v. Royal Ins. Co. of Am., 916 F.2d 731, 734 (1st Cir. 1990). Plaintiff does not, however, present developed arguments or reasoning for any of his issues. See Conto v. Concord Hospital, Inc., 265 F.3d 79, 81 (1st Cir. 2001) (stating that "the Federal Rules of Appellate Procedure require that appellants, rather than the courts of appeals, ferret out and articulate the record evidence considered material to each legal theory advanced on appeal . . . . As the Federal Rules of Appellate Procedure are sufficiently central to our judicial management responsibilities to warrant substantial compliance, rather than discretionary disregard at the convenience of counsel, [appellant's claim] must be deemed waived"); In re Three Additional Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litigation, 93 F.3d 1, 3 n.2 (1st Cir. 1996) (stating that "it is beyond peradventure that we will not address an issue when the party raising it fails to treat it seriously"); Gamma Audio & Video, Inc. v. Ean-Chea, 11 F.3d 1106, 1113 (1st Cir. 1993) (dismissing an argument that received the attention of "a mere handful of sentences in [appellant's] brief and is wholly unaccompanied by any developed argumentation"); Ryan, 916 F.2d at 734 (determining an issue waived when the appellants "never explain how or why" the

lower court's decision "was at odds with the applicable policy provisions or governing law . . . . Appellants' passing reference did not succeed in preserving [the issue] for review"). Similarly, to the extent Plaintiff is attempting to bootstrap a civil conspiracy claim to his complaint, this Court must dismiss the claim. Moreover, as Plaintiff makes only a passing reference to alleged "false statements," without more, his attempt to present a {sic} "DECEIT/FRAUD" claim (see Complaint, Count IV, at pp. 9-10) by cursory reference should also be dismissed as against the Federal Defendants.

      **B.**    **Plaintiff Cannot Successfully Maintain Either A Due Process, Or An Equal Protection Challenge.**

Plaintiff alleges, without explanation, that the Federal Defendants "violated" his Fifth and Fourteenth Amendment rights to the United States Constitution by unlawfully depriving him of his property, of due process, and of equal protection of state and federal laws. (Complaint, pp. 6, 10.) However, as Plaintiff fails to satisfy even the threshold requirements for bringing suit under a due process or equal protection theory, these claims must be dismissed as against the Federal Defendants.

          **1.**    **Plaintiffs Cannot Successfully Maintain A Due Process Challenge.**

To prevail on a due process claim, Plaintiff must first establish that he has a constitutionally protected liberty or property interest, of which he has been deprived without adequate process. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 53 (1st Cir. 1990); Bauza, et al. v. Morales Carrion, et al., 578 F.2d 447, 452 (1st Cir. 1978). See also Licari v. Ferruzzi, 2 F.3d 344, 347 (1st Cir. 1994), citing, PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28 (1st Cir. 1991), cert. dismissed, 503 U.S. 257 (1992). Plaintiff fails to meet this threshold

requirement and provides no statutory, regulatory, contractual, or other legal support for his assertions.

Nor can Plaintiff demonstrate a deprivation of "due" or constitutionally adequate process in this case. In LeBeau v. Spirito, the United States Court of Appeals for the First Circuit expanded on what is meant by "due process", noting:

> [a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is ***notice reasonably calculated, under all the circumstances***, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information and it must afford a reasonable time for those interested to make their appearance. But ***if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied***.

(Emphasis in original.) 703 F.2d 639, 644 (1st Cir. 1983), citing, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950). Thus, courts look to whether the process at issue was "fair enough" under the circumstances (see Keith Fulton & Sons, Inc. v. New England Teamsters and Trucking Indus. Pension Fund, Inc., 762 F.2d 1137, 1140 (1st Cir. 1985)), "with due regard for the practicalities and peculiarities of the case . . . ." LeBeau, 703 F.2d at 644; see also, Licari v. Ferruzzi, 2 F.3d 344, 347 (1st Cir. 1994) (to determine whether a due process violation has occurred "it is necessary to ask what process the State provided, and whether it was constitutionally adequate"), quoting Zinermon v. Burch, 494 U.S. 113, 126 (1990).

In this case, a review of Plaintiff's IRS account transcript revealed that Plaintiff failed to take advantage of the administrative appeals process available to him. (See Bazaco Decl., ¶ 3, in which the declarant asserts that Plaintiff failed to file an administrative claim with the IRS concerning the $685.00 offset.) This process, which allowed Plaintiff to file suit in district court

if his refund claim was denied, was clearly "fair enough" under the circumstances (see Keith Fulton & Sons, Inc., 762 F.2d at 1140), and exceeded the reasonable notice and opportunity for objection preconditions of constitutionally adequate process, which in any event, only needed to be "reasonably met." See LeBeau, 703 F.2d at 644.

As the administrative appeals process at issue in this case was clearly constitutionally adequate, and as Plaintiff failed to even take advantage of this process, he cannot successfully maintain his due process challenge.

        **2.**      **Plaintiff Cannot Successfully Maintain an Equal Protection Challenge.**

Plaintiff alleges, without more, that he was denied equal protection under the state and federal law. However, under the Equal Protection Clause, absent a classification interfering with the exercise of a fundamental right, or operating to the peculiar disadvantage of a suspect class, conduct need only bear a reasonable relationship to some proper object. See Bauza, et al. v. Morales Carrion, et al., 578 F.2d 447, 451 (1st Cir. 1978), citing, Royster Guano Co. V. Virginia, 253 U.S. 412, 415 (1925). Thus, where, as here, there is neither an interference with the exercise of a fundamental right, nor the existence of a disadvantaged suspect class, the Equal Protection Clause is not implicated. Id.; see also, Johnson v. Rodriguez, 110 F.3d 299, 306 (5th Cir. 1997). Accordingly, Plaintiff cannot successfully maintain his equal protection challenge against the Federal Defendants.

      **C.**      **Plaintiff's Claims Under 42 U.S.C. § 1983 Must Fail.**

The Federal Defendants cannot be held liable under 42 U.S.C. § 1983, as they do not act under color of state law. Section 1983 provides no remedy against federal officers acting under color of federal law. See 409 U.S. 418, 425 (1973); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988) (no Section 1983 claim against federal officials acting pursuant to federal law);

Zernial v. United States, 714 F.2d 431, 435 (5th Cir. 1983); Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976) (Section 1983 is not applicable to federal officers acting under federal law).[8]

As Section 1983 is inapplicable on its face, the Federal Defendants request dismissal with prejudice as to Plaintiff's claims under that statute.  464 U.S. 864 (1983).

## Conclusion

For the foregoing reasons, the Federal Defendants respectfully request that this Court allow their motion to dismiss in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

          Respectfully submitted,

          THE FEDERAL DEFENDANTS,
          Secretary Snow, Commissioner Gregg,
          Assistant Commissioner Mills, and
          Commissioner Heller,

          By their attorney,

          MICHAEL J. SULLIVAN
          United States Attorney

          /s/ Gina Y. Walcott-Torres
By:  Gina Y. Walcott-Torres
      Assistant U.S. Attorney
      John Joseph Moakley U.S.  Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
      (617) 748-3369

Dated: May 25, 2004

---

[8] The Federal Defendants further note that the complaint fails to state a claim under 42 U.S.C. § 1983, as it fails to allege any action by them in violation of that statute.

**CERTIFICATE OF SERVICE**

This is to certify that I have this 8th day of June 2004, served upon the persons listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Michael P. Andrewchuk, *pro se*, 10 Kendall Street, Lawrence, MA 01841

David B. Stanhill, Assistant Attorney General, Attorney General's Office, 200 Portland Street, 3rd Floor, Boston, MA 02114

/s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant United States Attorney

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

The undersigned counsel hereby certifies that she has complied with the requirements of Local Rule 7.1(A)(2) by contacting the plaintiff, who is acting *pro se*, in an attempt to narrow the issues addressed by this motion.

/s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant United States Attorney