1997 WL 834830  Page 24
80 A.F.T.R.2d 97-8291, 97-2 USTC P 50,977
(Cite as: 1997 WL 834830 (D.Mass.))

United States District Court, D. Massachusetts.

Mitchell SWARTZ, Plaintiff
v.
Internal Revenue Service, et al., Defendants.

No. 96-CV-12468-MEL.

Nov. 18, 1997.

[*Code Sec. 6402*]

*1 Jurisdiction: Overpayment of tax: Suit for refund: Child support arrearages.--Jurisdiction was lacking over an individual's attempt to recover tax overpayments that were offset against his child support obligations rather than being returned to him as refunds. The court was statutorily barred from granting the refund. Back reference: ¶ 39,480.72.

LASKER, District J.

Mitchell Swartz sues to recover tax overpayments to which he claims he is entitled. He alleges that his former wife, Anne Marie Antoinette Casavant, fraudulently caused two federal income tax overpayments, which were owed to the plaintiff, to be offset against his alleged child support obligations. He contends that she misrepresented her financial situation to the authorities in California, where she then resided. The Internal Revenue Service did, in fact, transfer the overpayments to the California authorities, and Swartz alleges that the Internal Revenue Service's actions were illegal and contrary to a Massachusetts Court order. Swartz and his wife were divorced in Massachusetts, and the Massachusetts Court retained jurisdiction of their post- divorce relations and obligations.

Incidental complaints are also made as to the serving of a summons(¶ 52) and that levies have been made against him "without the mandatory required signature of District Director matching the typed name below it." (¶ 54).

The United States, acting on behalf of the IRS, moves to dismiss the complaint on the grounds that it fails to state a claim upon which relief may be granted, the claims are barred by sovereign immunity, and the Court lacks subject matter jurisdiction. [FN1] The motion is granted.

FN1. The complaint was filed in December 1996. On May 1, 1997, judgment against the defendants was granted on default. On May 29, 1997, the government moved to set aside the default, and the United States Attorney entered a notice of appearance. Because judgments by default are viewed with disfavor, and because the government represents that i appeared from the docket sheets and the file that the plaintiff had failed to serve the complaint properly upon the defendants, and because setting aside the default will not result in legal prejudice to the plaintiff, the government's motion to set aside the default judgment is granted.

THE PLAINTIFF'S TAX OVERPAYMENTS

As indicated above, Swartz's overpayments of taxes were not returned to him as a refund but were paid to California authorities as an offset of a claimed child support obligation. This action was taken pursuant to the governing provisions of 42 U.S.C § 664(a) and 26 U.S 6402(c), which read respectively as follows:
> Upon receiving notice from a State agency ... that a named individual owes past-due support ... the Secretary of the Treasury shall determine whether any amounts, as refunds of Federal taxes paid, are payable to such individual (regardless of whether such individual filed a tax return as a married or unmarried individual). If the Secretary of the Treasury finds that any such amount is payable, he shall withhold from such refunds an amount equal to the past-due support, shall concurrently send notice to such individual that the withholding has been made ... and shall pay such amount to the State agency....
> The amount of any overpayment to be refunded to the person making the overpayment shall be reduced by the amount of any past-due support ... owed by that person of which the Secretary has been notified by a State in accordance with section 464 of the Social Security Act. The Secretary shall remit the amount by which the overpayment is so reduced to the State collecting such support and notify the person making the overpayment that so much of the overpayment as was necessary to satisfy his obligation for past-due support has been paid to the State.

1997 WL 834830  
(Cite as: 1997 WL 834830, *2 (D.Mass.))

Page 25

*2 Under these provisions, the state in which the person entitled to receive child support resides notifies the United States Department of Health and Human Services (HHS), which then notifies the IRS, which, in turn, is required to offset any overpayments due the taxpayer and forward them, instead, to the requesting state.

In the case at hand, Swartz complains that the payment of his tax overpayment to the State of California was improper primarily because the Massachusetts court had retained jurisdiction of his relations with his former wife.

It is doubtful whether Swartz's theory has merit. But whether it does or not, this Court is prevented from granting the relief he requests because §use 6402(f) of the Internal Revenue Code specifies in relevant part that:
> No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c) [of Section 6402].... No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax.

It is clear that 6402(f) bars this Court from granting the relief Swartz requests and various cases so hold. *Oatman v. Secre* [93-1 US ¶ 50,181], 814 F.Supp. 912 (D.Idaho 1993) *Neal v. IRS*, 94-1 UST 50,107, 1993 WL 618256 (D.Az.1993).

Accordingly, because the Court has no jurisdiction of the subject matter, the complaint must be dismissed. [FN2] Swartz has, in addition to filing the complaint, filed a large number of subsidiary motions having to do with levies, allegedly undertaken by the IRS and summonses served on him. Since all of the motions relate to this case, they must be dismissed as moot.

> FN2. In response to the present motion to dismiss, Swartz filed a 74- page memorandum, which, although violating Local Rule 7.1(B)(4), which bars the filing of memoranda in excess of 20 pages without prior Court approval, has been reviewed carefully by the Court prior to the issuance of this decision.

The United States' motion to dismiss the complaint is granted and the subsidiary motions are denied.

IT IS SO ORDERED.

1997 WL 834830, 1997 WL 834830 (D.Mass.), 80 A.F.T.R.2d 97-8291, 97-2 USTC P 50,977

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works