UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL P. ANDREWCHUK, )
        Plaintiff )
)
)
V. )
)    Civil action no. 04cv10263WGY
)
ALAN LeBOVIDGE, et al., )
        Defendant s )
)
)
)

**PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANT'S
MOTION TO DISMISS COMPLAINT**

The plaintiff, Michael P. Andrewchuk, pro-se, moves this honorable Court after reviewing the following FACTS DENY the Federal Defendants Motion to dismiss the Plaintiffs complaint. The federal defendants submit to this Court a morass of so-called defenses, but this Court has complete jurisdiction allowing this 1983 civil rights complaint to continue if the Plaintiff has met the required filing, a claim for refund with the Secretary of Treasury, under fed. 26 U.S.C. $ 7422, if he has met such requirement, said civil suit is maintained.

The plaintiff hereby states the following to be true:

1. The plaintiff received his federal tax refund for 2002 tax year, please see

Attached coy of check dated May 2, 2003, please take judicial notice that

A deduction for $685.00 was deducted, reason, back child support, as

Ordered by Mass. Department of Revenue, and please take judicial notice,

Further reading of said notice, and quote, " The agency has previously sent

NOTICE to you, explaining the amount and type of debt you owe," etc.,

The Plaintiff never received no such notice, see civil complaint.

2. The Plaintiff then received notice from Mass. Dep. Of Revenue that his state

Refund was intercepted, see civil complaint, he timely filed per state law,

See attached copy of cover letter dated June 4, 2003, where clear inference can

Be drawn that he filed "request or review," he waited over thirty (30) days,

Filed a follow-up, status update, as required under federal and state law, he was

To get a scheduled hearing within 21 days, see attached copy of cover letter

Dated July 10, 2003, never heard one word from Mass. DOR.

3. The Plaintiff then on October 15, forwarded to the Secretary of Treasury a

A written claim for refund dated October 14, 2003, please see attached copy

Of cover letter, and pages 1-2 of claim for refund where clear inference can be

Drawn, the plaintiff would be remiss, this was not the proper form, it would be

Accepted as an "informal claim," under fed. 26 U.S.C.S. 7422, n 5, if accepted

By the Secretary, it becomes VALID, see Lasher v. United States, (1928),

65 Ct.Cl. 1562, 34 AfTR, 16.

4. The plaintiff then received notice dated November 10, 2003, see attached copy

From Alyce Hannan, taxpayer advocate service, take judicial notice, the

Letter was forwarded to her by the Secretary of Treasury, Defendant Snow,

For her response, after her review, she forwarded the plaintiff's inquiry to the Director of Financial Management Service, Defendant Gregg, a "Reasonable person" would conclude that the plaintiff's claim was Compelling, and YES all interested parties knew that the Plaintiff's Federal tax intercept was illegal.

5. Please take judicial notice what happens henceforth, the Plaintiff then Then received a notice dated November 17, 2003, a week later, from One Anne R. Gordon, please see attached copy, please review, paraphrasing She states, this is not a U.S. Treasury Department issue, they are Mass State issues, is this comical, the plaintiff then immediately forwarded a Certified letter to Alyce Hannan, dated November 24, 2003, please see Attached copy where clear inference can be drawn.

6. The plaintiff then received a notice from defendant Mills dated December 9, 2003, see attached copy, where he states that they to research the matter With Massachusetts, etc..

7. The plaintiff then a week later received from defendant Mills a letter Dated December 6, 2003, see attached copy, paraphrasing, he states that The offset was correctly taken, and there is a balance still due.

## SUMMARY

The plaintiff directs the Court to the letter addressed to the Secretary dated October 14, 2003, within his claim for refund not only did the Plaintiff seek his refund back but he also requested that Defendant Snow forward to the plaintiff copies of the documents that were

forwarded to the Office of Child Support Enforcement (OCSE), defendant Heller to execute the illegal tax intercept, Defendants "refused" not only to forward refund, but they refused to forward copies of said documents which the plaintiff had every right to. The plaintiff to make this a section 1983 of title 42, must meet two elements, 1) the defendant(s) deprived him of a right secured by the Constitution and "laws." 2) the defendant(s) deprived him of a constitutional right under color of state law, see Powell v. Kopman, 511 F.supp. 700 (1981), clearly reviewing the plaintiff's complaint, the defendants were not only acting under federal law, but color of state law.  The plaintiff is not going to belabor the aforementioned facts, the defendants submit an affidavit from one Anne Bazaco, an employee of the IRS, paraphrasing her "declaration," there is no indication that on October 15, 2003 or any other date the plaintiff filed any refund claim, and further that the IRS denied a claim on December 16, 2003, the Plaintiff firmly believes that the asst' U.S. attorney and Ms. Bazaco have knowingly committed a Fraud upon the Court," this because the plaintiff is pro-se, you do not have to be a rocket scientist reviewing the aforementioned facts with attachments and reviewing the plaintiff's complaint, where did he get those dates, the defendants notices, etc., from thin air, and the Court knows that the defendants tried to misdirect him back to Massachusetts, they knew from day one, that the Plaintiff's federal tax refund was illegally intercepted.

## CONCLUSION

Upon reviewing the aforementioned facts, the Plaintiff has clearly exceeded the barrier to proceed to Discovery, and that Defendants Motion to Dismiss must be DENIED.

Signed under the Pains and penalties of Perjury this 18th day of June, 2004.

*[signature]*
Michael P. Andrewchuk

Respectfully submitted,
*[signature]*
Michael P. Andrewchuk,
      Plaintiff, pro-se
10 Kendall Street
Lawrence, Mass 01841
Tel(978)682-5988